

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2003

# USA v. Douglas

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Douglas" (2003). *2003 Decisions.* Paper 454.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/454

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4103
_____

UNITED STATES OF AMERICA

v.

ELISHA DERRICK DOUGLAS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge: The Honorable Garrett E. Brown, Jr.
(D.C. Criminal No. 02-cr-00551)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2003

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and MCLAUGHLIN,[*] <u>District Judge</u>.

(Opinion Filed: June 16, 2003)
_____

OPINION OF THE COURT
_____

---

[*]Hon. Mary A. McLaughlin, U.S. District Judge for the Eastern District of
Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

On July 18, 2002, Elisha Derrick Douglas entered a plea of guilty to one count of illegally entering the United States after being deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. On October 21, 2002, the District Court sentenced Douglas to a prison term of eighty-four (84) months, consecutive to another undischarged term of imprisonment, and three years of supervised release. Douglas's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), expressing his belief that Douglas cannot raise any non-frivolous issues for our review, and directing us, as is required under Anders, to the issues that he thought Douglas might raise on appeal. Douglas filed a pro se brief urging us to exercise leniency in reducing his sentence. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[1] Because there are no non-frivolous issues to be raised on appeal, we will affirm the District Court's judgment and grant defense counsel's motion.

First, counsel notes that the District Court complied with the requirements set forth in Federal Rule of Criminal Procedure 11 during Douglas's plea colloquy. Douglas was sworn and advised of his constitutional rights, which he then waived. (App. 27-31) The District Court established that Douglas was mentally competent and understood the nature and consequences of the proceedings. Id. at 27-29, 35. The District Court determined that Douglas's decision to waive indictment and plead guilty was knowing and voluntary, and that he had discussed his case with counsel. Id. at 29, 31-35. Finally, a factual basis for the count

_____

[1]Because we write primarily for the parties and they are quite familiar with the factual background of this case, we proceed direct to the legal analysis.

2

was set forth on the record, and Douglas admitted his guilt. Id. at 36-37. Because all of the statutory and constitutional requirements for a plea colloquy were met in this case, we agree with counsel that no successful appellate issue can be raised in this regard.

Next, counsel notes that the District Court complied with the requirements of Federal Rule of Criminal Procedure 32 in conducting Douglas's sentencing proceeding. The District Court confirmed that Douglas and his counsel had reviewed and discussed the Presentence Investigation Report ("PSR"), and gave both the government and the defense an opportunity to comment on the PSR. (App. 40-41) The District Court heard from defense counsel, Douglas, and the government on the appropriate sentence to impose within the guideline range. Id. at 41-45. Finally, the District Court advised Douglas of his right to appeal his conviction. Id. at 47. Because all of the statutory requirements for a sentencing proceeding were met in this case, we agree with counsel that no successful appellate issue can be raised with respect to this issue.

Finally, counsel notes that there was no error in the sentence imposed by the District Court. The charge to which Douglas pleaded guilty carried a statutory maximum sentence of twenty (20) years. See 8 U.S.C. § 1326(b)(2). The parties agreed that the base offense level was eight (8), see U.S.S.G. § 2L1.2(a), but also agreed that the level would be increased by sixteen (16) because Douglas was previously convicted of a drug trafficking offense. See U.S.S.G. § 2L1.2(b)(1)(A). Finally, the parties agreed that the offense level should be reduced by three (3) because Douglas had accepted responsibility for his crime. See U.S.S.G. § 3E1.1. The adjusted offense level, accordingly, was twenty-one (21). Based on

Douglas's criminal history category of VI, he faced a sentencing range of seventy-seven (77) to ninety-six (96) months. (PSR ¶ 71) Thus, the eighty-four (84) month sentence imposed by the District Court was below the statutory maximum and within the guideline range.

Defense counsel notes also that the District Court imposed the sentence to run consecutively with an undischarged term of imprisonment for drug distribution, aggravated assault, and resisting arrest despite defense counsel's request to have the sentence run concurrently. (App. 41-42) U.S.S.G. § 5G1.3(c) permits a district court to impose a sentence concurrently, partially concurrently, or consecutively in the court's discretion. Here, the District Court explained that it was imposing the sentence consecutively because of Douglas's extensive criminal record and the fact that he had sustained three new convictions since his illegal reentry. Id. We do not think the District Court abused its discretion.[2] Because the District Court's sentencing determination is below the statutory maximum, within the guideline range, and not an abuse of discretion, we agree with counsel that no successful appellate issue can be raised with respect to the sentence.

After carefully reviewing the briefs and accompanying materials of record, we will affirm the judgment. Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal, as required by Anders,

---

[2]In his informal brief, Douglas stated his understanding that the decision to impose his sentence consecutively was within the District Court's discretion. Nonetheless, he asked this Court to exercise leniency to reverse the imposition of a consecutive sentence. We only review the District Court's decision to impose a consecutive sentence for an abuse of discretion. Once we conclude that the District Court did not abuse its discretion, as we have in this case, we do not have any further authority to interfere with the District Court's sentencing determination on leniency or other grounds.

4

386 U.S. at 744. Because counsel has complied with all of the procedures specified in

Anders, we will grant his motion for withdrawal.

_____
TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Judge Julio M. Fuentes
Circuit Judge